## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

WILLIE FOXX,

                         **Plaintiff,**

         v.                                        CASE NO. 11-3020-SAC

UNITED STATES OF AMERICA,

                         **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff is a prisoner in the custody of the Bureau of Prisons (BOP), incarcerated in the Satellite Camp facility at United States Penitentiary Leavenworth.  He proceeds pro se and in forma pauperis on a complaint seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for the alleged negligence of medical staff in diagnosing and treating plaintiff's complaints of abdominal pain.[1]  Before the court is defendant's motion for summary judgment, plaintiff's response, and defendant's reply.  Having reviewed the record, the court grants defendant's motion.

**Background**

Plaintiff is currently incarcerated at USP Leavenworth in the Satellite Camp facility serving a ten year sentence for convictions in the Western District of Missouri on drug charges.

---

[1] The complaint originally named two defendants:  the United States of America and USP Leavenworth physician Dr. McCollum.  The court found plaintiff's allegations against Dr. McCollum were insufficient to state an actionable claim for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and dismissed Dr. McCollum as a defendant.  The court then ordered a response to be filed on plaintiff's FTCA claim of negligent medical care.

Plaintiff entered the Leavenworth facility in January 2008 with no complaints of current pain or abdominal distress.   In 2009 he received treatment for his complaint of diarrhea.   In February 2010 he specifically complained of left side abdominal pain which he described as an aching pain that had occurred on and off for two years, and acknowledged he was taking fiber for frequent constipation.   Some three weeks later he again complained of the same pain, and reported normal bowel movements.

In evaluating plaintiff upon intake and during sick calls on these complaints,[2] staff consistently found no abnormality in plaintiff's vital signs, blood tests, bowel sounds, or abdomen palpitations for obstructions or enlarged organs.   All testing for occult blood in plaintiff's stool was negative.

On August 30, 2010, plaintiff filed an administrative tort claim seeking $50,000 in damages for personal injury and property loss.[3] In that claim, plaintiff alleged a two year medical problem with left side pain that had never been evaluated by a specialist or by any testing other than blood tests.   Plaintiff filed the instant action January 21, 2011, well within the six month period for filing suit in federal court after his administrative claim was formally denied on November 30, 2010.

Some eight months after filing his administrative tort claim, plaintiff submitted an Informal Request to Staff Member in April 2011 seeking an emergency MRI for "devastating pain" in his left side for

---

[2] Plaintiff also submitted two inmate staff requests in May and June in 2010, complaining of abdominal pain.   It appears plaintiff was told each time to put in a sick call request.   He states he refused to do so because he would be charged money for sick calls that he believed would likely offer no relief.   These two complaints of abdominal pain that were never presented to medical staff clearly offer no support to plaintiff's claim of medical malpractice, or to plaintiff's continuing argument that staff acted with "deliberate indifference" to his medical needs.

[3] See Administrative Tort Claim TRT-NCR-2010-06197.

three years, and voicing concern that he needed to be evaluated for cancer.   Plaintiff reported to sick call on April 12, 2011, complaining of deep and intermittent pain in his left side, left upper quadrant.   Once again, plaintiff's vital signs and the physical examination of his abdomen were found to be normal.

**Federal Tort Claims Act**

The United States is immune from suit unless it has consented to be sued.   *United States v. Mitchell*, 445 U.S. 535, 538 (1980).   The FTCA constitutes a limited waiver of the United States' sovereign immunity for suits seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee acting within the scope of his or her employment.   28 U.S.C. § 1346(b).   *See Smith v. U.S.*, 561 F.3d 1090 (10th Cir.2009)(federal prisoners have the right to recover damages against the United States under the FTCA for personal injuries sustained as the result of the negligence of a federal employee)(*citing United States v. Muniz*, 374 U.S. 150 (1963)).

The terms of the FTCA waiver define the parameters of a court's subject-matter jurisdiction.   *United States v. Orleans*, 425 U.S. 807, 813-14 (1976).   One such limitation requires an FTCA claim to be presented in writing to the appropriate Federal agency within two years after such claim accrues.   28 U.S.C. § 2401(b).

**Motion to Dismiss – Unexhausted Claims**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the court to dismiss a complaint if the court lacks subject matter of the complaint.   Here, defendant seeks dismissal of the complaint,

in part, for lack of subject matter jurisdiction over any claim based on events occurring after plaintiff filed his administrative tort claim on August 30, 2010.  Defendant contends plaintiff has not exhausted administrative remedies on any tort claim but for his one administrative claim, and no contrary showing is made by plaintiff or discerned from the record.

An FTCA claimant must satisfy the jurisdictional prerequisite of exhausting administrative remedies prior to asserting an FTCA claim in district court.  *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 275 (10th Cir.1991).  Thus to the extent plaintiff relies on allegations of negligence occurring after he filed his administrative tort claim in August 2010, the court has no jurisdiction to consider such claims in this FTCA action.


**Motion to Dismiss, Rule 12(b)(6), or for Summary Judgment, Rule 56**

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the court is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.  *Smith v. U.S.*, 561 F.3d 1090, 1098(10th Cir.2009)(quotation marks and citations omitted*), cert. denied*, 130 S.Ct. 1142 (2010). The court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.2009).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'")(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because the court considers materials and exhibits submitted in

support of defendant's motion,[4] the court treats the motion as one for summary judgment under Rule 56.  See Fed.R.Civ.P. 12(d)(stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wells v. Shalala*, 228 F.3d 1137, 1140 n. 1 (10th Cir.2000).  *See also Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir.2006)(plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).

When considering a motion for summary judgment, the court may enter judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 250 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A fact is "material" if it could reasonably affect the outcome of the action. *Anderson*, 477 U.S. at 248.  In considering such a motion, the court views all evidence in the light most favorable to the opposing party. *McKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir.2005).  Unsupported conclusory allegations do not create an issue of fact. Id.

Plaintiff proceeds pro se in this matter, thus his "pleadings

---

[4] Plaintiff asks the court to strike defendant's medical records as not properly authenticated, and the declaration of Dr. Aulepp as not based upon the declarant's personal knowledge.  Finding no valid basis for these objections, the court denies plaintiff's motion to strike.

are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers....[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.  This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith*, 561 F.3d at 1096 (quotations and citations omitted).

- ***Medical Malpractice***

"[A]n action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward." *Carlson v. Green*, 446 U.S. 14, 23 (1980).

To prevail on a claim of medical malpractice under Kansas law, plaintiff must show: "(1) the healthcare provider owed the patient a duty of care, (2) the healthcare provider breached that duty or deviated from the applicable standard or care, and (3) the patient's injury proximately resulted from the healthcare provider's breach." *Esquivel v. Watters,* 286 Kan. 292, 296 (2008).  Negligence cannot be presumed, and cannot be inferred merely from a lack of success.  *Id.* The plaintiff bears the burden of showing negligence, and of showing the negligence caused plaintiff's injury.  *Id*.  Generally, expert medical testimony is required to establish the accepted standard of care, to show breach of a duty owed to the patient, and to prove causation of an injury. *Id*.  *See Venters v. Sellers*, 293 Kan. 87, 103-04 (2010)(noting Kansas requirement for expert medical testimony to prove causation, and that cases lacking such testimony are

vulnerable to defense summary judgment motions).

The BOP is statutorily required to "provide for the safekeeping, care, and subsistence of all persons ... convicted of offenses against the United States."  18 U.S.C. § 4042(a)(2).  Medical personnel at the Leavenworth facility thus had a duty to provide plaintiff with medical care.  In the present case, however, plaintiff makes no showing of any breach of that duty, or that he sustained any injury.

Prior to plaintiff's filing of his administrative tort claim (and continuing thereafter), the record establishes that medical staff addressed plaintiff's recurring but intermittent sick call reports of abdominal pain, finding no abnormality warranting further testing or further review by a physician or specialist.  Plaintiff provides no evidence, expert or otherwise, to show that the examination and treatment provided deviated from the accepted standard of care in treating his medical needs, or that the medical treatment provided or denied caused him any injury.

Accordingly, to the extent plaintiff claims BOP medical staff negligently treated his abdominal pain as constipation without providing further testing or review by a physician or specialist, the court finds defendant is entitled to judgment as a matter of law on this claim of misdiagnosis and improper medical attention.  *See Harvey v. U.S.*, 685 F.3d 939, 950-51 (10th Cir.2012)(in FTCA action, plaintiff's "failure to provide expert evidence on issues of injury, causation, negligence, or wrongful act or omission rendered summary judgment appropriate").

- ***Claim Not Yet Accrued***

To the extent plaintiff is complaining that a long standing medical problem is being ignored without diagnosis or treatment, and

broadly complaining of inadequate funding for medical treatment of his condition, no claim for relief under the FTCA has yet accrued.

As the Tenth Circuit recently explained, in an FTCA action "[t]he injury must arise from the negligence or wrongful act or omission of a government employee, not solely from a condition that existed before the medical treatment at issue." *Id.* at 947 (citing 28 U.S.C. § 1346(b)(1)). Where an undetected problem continues without proper diagnosis or treatment, the injury - for purposes of an FTCA claim - accrues only when the patient becomes aware that his pre-existing condition developed into a more serious problem posing a greater danger to the plaintiff or more extensive treatment. *Id.* at 948 (citing and applying standard in *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir.1983)).

But for later describing his recurring intermittent pain as "devastating," plaintiff does not allege that his condition is now worse, or that the lack of treatment has caused a condition that will now require more extensive treatment. Instead, he claims only that his emotional distress about his reports of continuing abdominal pain is rising because he does not accept a constipation diagnosis, and now wants to know if he has cancer or something serious. Accordingly, the court finds any claim based upon the alleged failure to diagnose and treat plaintiff's recurring complaints of abdominal pain should be dismissed without prejudice because there is no allegation or evidence in the record to establish plaintiff's discovery of any resulting injury.

- ***Intentional Infliction of Emotional Distress***

Plaintiff also suggests he is entitled to damages for being subjected to the intentional infliction of emotional distress. This

suggestion lacks legal merit and is summarily dismissed. Plaintiff failed to include this specific allegation in his FTCA administrative claim, but even if could be considered within the scope of that administrative claim, and even if plaintiff's complaints of continuing pain were to satisfy the requisite showing of a prior physical injury,[5] there is no evidentiary support in the record to establish that medical staff treating plaintiff at the Leavenworth facility acted in an extreme and outrageous manner.[6]

IT IS THEREFORE ORDERED that defendant's motion to dismiss and for summary judgment (Doc. 12) is granted, and that any medical malpractice claim not yet accrued or lacking subject matter jurisdiction is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 21st day of September 2012 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[5] See 28 U.S.C. § 1346(b)(2)("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

[6] See *Valadez v. Emmis Communications*, 290 Kan. 472, 476 (2010)(cause of action for intentional infliction of emotional distress requires proof of four elements: "(1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe.")